IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

LARRY NORMAN DOBSON JR.

977 Highpoint Drive

Annapolis, MD 21409

**HD**

Rcv'd by: _____

Pro Se Plaintiff,

USDC- BALTIMORE
'25 OCT 17 PM 12:19

v.

CITY OF ANNAPOLIS, MARYLAND; MARLON ALVARADO (individual/official capacity); PATRICIA HOPKINS (individual/official capacity); JAMIECA MACKALL (individual/official capacity); MONICA BROKENBOROUGH (individual/work capacity); MORIAL HAYES (individual/work capacity); JOHN SPRIGGS (individual/work capacity); and SCOTT PARKS (individual capacity),

Defendants.

Civil Action No. ABA **25 CV 3439**

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

JURY TRIAL DEMANDED

NATURE OF THE ACTION

1. This civil-rights and Maryland-tort action arises from the retaliatory initiation of a baseless criminal process and the public disclosure of confidential employment information by City of Annapolis officials and associates, in violation of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and Maryland common law.

JURISDICTION AND VENUE

EXHIBIT A

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367 because Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985 and related Maryland tort claims.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Anne Arundel County, Maryland.

PARTIES

4. Plaintiff Larry Norman Dobson Jr. is domiciled in Anne Arundel County, Maryland.

5. Defendant City of Annapolis is a municipal corporation organized under Maryland law and responsible for policies and supervision of its officials.

6. Defendant Marlon Alvarado is a City of Annapolis supervisor who unlawfully disclosed Plaintiff's confidential employment and personal information to Defendant John Spriggs without authorization, violating City policy and Plaintiff's right to privacy.

7. Defendant Patricia Hopkins is the City's Human Resources Director who knowingly failed to act on Plaintiff's complaint regarding Alvarado's disclosure, showing deliberate indifference and negligent supervision.

8. Defendant Jamieca Mackall is an Annapolis Police Department employee who shared Plaintiff's private personnel information with Defendant Morial Hayes, facilitating its dissemination to the Capital Gazette.

9. Defendant Monica Brokenborough, Esq. is a Maryland-licensed attorney affiliated with AFSCME Local 3406 who acted jointly with City employees in filing false charges and publishing defamatory statements and leaving out vital information like internal charges from the union she represents stating Plaintiff was responsible for embezzlement and Misappropriation of funds also leaving out vital threatening letter from law firm stating Plaintiff to pay the money or criminal charges would be filed. Exhibit (P)

10. Defendant Morial Hayes is an AFSCME representative who participated in sharing private information and the retaliation campaign against Plaintiff.

11. Defendant John Spriggs is a City employee and AFSCME officer who conspired with others to fabricate false records and retaliate against Plaintiff.

12. Defendant Scott Parks is a Maryland District Court Commissioner who signed baseless charging documents without probable cause.

13. All acts alleged herein were committed under color of state law and within the course and scope of Defendants' official duties or joint venture with the City.

FACTUAL ALLEGATIONS

14. Between August 2023 and August 2025, Defendants engaged in a pattern of retaliation, defamation, and wrongful use of criminal process against Plaintiff.

15. On August 13, 2025, Plaintiff's brother passed away.

16. On August 19, 2025, Defendant Monica Brokenborough—who had previously represented Defendant John Spriggs in litigation where Plaintiff was an opposing party—filed or caused to be filed false criminal charges against Plaintiff without any police report, affidavit, or probable-cause basis (Ex. B).

17. That same day, the Annapolis City Police Department mailed Plaintiff a letter instructing him to pick up a criminal summons to "avoid embarrassment" or potential warrant issuance (Ex. B).

18. On August 21, 2025, a reporter from the Capital Gazette contacted Plaintiff requesting comment about the pending charges—information obtainable only through improper disclosure of confidential employment or criminal-record data (Ex. N).

18-A. Defendant Marlon Alvarado improperly disclosed Plaintiff's confidential employment and disciplinary information to Defendant John Spriggs, without lawful justification or consent, in violation of the Maryland Public Information Act and City personnel-privacy policy (Ex. C).

18-B. Upon Plaintiff's complaint to HR Director Patricia Hopkins, the City failed to investigate or take corrective action, showing deliberate indifference to the violation of privacy (Ex. D).

18-C. On and around November 2024 Defendant Jamieca Mackall further shared private personnel information with Defendant Morial Hayes, an AFSCME representative, that was shared with city employees who was not authorized to access such records, facilitating the later publication of those materials to the Capital Gazette (Ex. E).

19. On August 21st news reporter contacted Plantiff for a statement about the criminal charges against the plaintiff. On August 22, 2025, the story was publicly released online and in print prior to service, amplifying reputational harm.

20. On August 26, 2025, Plaintiff retrieved the summons from the Annapolis City Police Department after receiving a threatening letter from Annapolis City police Department. Exhibit (N)

21. On August 28, 2025, Plaintiff appeared in court during an uninformed hearing took place where the charges were nolle prosequi'd and immediately expunged without waiver. (Exhibit O)

22. Defendant Commissioner Scott Parks approved and signed the charging documents even though no supporting police report or investigative file existed, acting outside judicial immunity under Forrester v. White, 484 U.S. 219 (1988) (Exs. B, G).

23. The City and individual Defendants coordinated to retaliate for Plaintiff's prior protected activity and civil-rights petitioning, depriving him of liberty and property without due process.

SUPPLEMENTAL FACTUAL ALLEGATIONS REGARDING MUNICIPAL NOTICE

24. The City of Annapolis had prior notice of unconstitutional employment and disciplinary practices from White v. City of Annapolis, No. 1:23-cv-02295-BAH (D. Md. 2023); Bailey v. City of Annapolis, No. SAG-21-00705 (D. Md. 2021); and Rowe v. City of Annapolis, 999 F. Supp. 2d 450 (D. Md. 2014) (Exs. K–M).

25. Despite such notice, the City failed to train or supervise its officials adequately, directly causing the violations herein.

COUNT I – 42 U.S.C. § 1983 RETALIATION (Against, Brokenborough, Spriggs)

26. Defendants retaliated against Plaintiff for engaging in protected speech and petitioning activity by failing to mention previous civil claim Dobson vs Spriggs complaint.

27. Their conduct violated the First Amendment as applied through 42 U.S.C. § 1983.

28. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977) confirms that retaliation for protected activity is actionable under § 1983.

COUNT II – 42 U.S.C. § 1983 DUE PROCESS & UNLAWFUL SEIZURE (Against Parks, Alvarado, Hopkins, City of Annapolis)

29. By authorizing and maintaining criminal process without probable cause and by disclosing private information, Defendants deprived Plaintiff of liberty and property without due process of law, violating the Fourth and Fourteenth Amendments.

30. Defendant Parks acted in an administrative, not judicial, capacity and is not entitled to absolute immunity (Forrester v. White, 484 U.S. 219 (1988)).

31. Defendants Alvarado and Hopkins, through their privacy violations and inaction, directly contributed to the unlawful deprivation of due process rights.

32. The City is liable under § 1983 for its customs and failure to train that caused these violations.

COUNT III – 42 U.S.C. § 1983 (MONELL) AND MARYLAND NEGLIGENT SUPERVISION (Against City of Annapolis)

33. The City maintained customs or policies of tolerating retaliatory and defamatory conduct and failed to train or supervise its employees despite prior notice.

34. Such deliberate indifference caused the deprivation of Plaintiff's constitutional rights (Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).

35. Separately, under Maryland law, the City negligently supervised and retained employees it knew or should have known engaged in such misconduct, proximately causing Plaintiff's injuries (Evans v. Morsell, 284 Md. 160 (1978)).

COUNT IV – CIVIL CONSPIRACY (42 U.S.C. §§ 1983 & 1985) (Against All Individual Defendants)

36. Defendants combined, conspired, and agreed to deprive Plaintiff of his constitutional rights, including retaliation for protected activity and dissemination of false criminal information.

37. Their concerted acts violated 42 U.S.C. §§ 1983 and 1985(3) (Griffin v. Breckenridge, 403 U.S. 88 (1971); Simmons v. Poe, 47 F.3d 1370 (4th Cir. 1995)).

COUNT V – MALICIOUS PROSECUTION & DEFAMATION (MARYLAND LAW) (Against Brokenborough, Parks, Alvarado, Hopkins, Mackall, Hayes)

38. Defendants initiated and maintained criminal proceedings without probable cause and with malice, which terminated in Plaintiff's favor, constituting malicious prosecution under Maryland law (Humbert v. O'Malley, 866 F.3d 546 (4th Cir. 2017)).

39. Defendants also knowingly published or permitted publication of false statements concerning Plaintiff's criminal or employment status, constituting defamation (Piscatelli v. Van Smith, 424 Md. 294 (2012)).

COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (MARYLAND LAW) (Against All Defendants Jointly)

40. Defendants' outrageous and intentional conduct—filing baseless charges, leaking private information, failing to act on known misconduct, and humiliating Plaintiff—was extreme and reckless, causing severe emotional distress.

41. Their conduct meets the elements set forth in Harris v. Jones, 281 Md. 560 (1977).

DAMAGES

42. Plaintiff has sustained:

• Economic damages, including diminished earning capacity;

• Non-economic damages, including humiliation, emotional distress, and reputational injury; and

• Punitive damages against the individual Defendants under 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

a. Enter judgment for Plaintiff and against Defendants jointly and severally;

b. Award compensatory and punitive damages in an amount to be determined by Jury at trial;

c. Declare that Defendants' actions violated Plaintiff's Federal and State rights;

d. Issue injunctive relief preventing further retaliation or disclosure;

e. Award costs and attorney's fees under 42 U.S.C. § 1988; and

f. Grant such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**NOTICE TO CLERK**

Plaintiff respectfully requests issuance of summons for each Defendant pursuant to Fed. R. Civ. P. 4(b).

**VERIFICATION (28 U.S.C. § 1746)**

I, Larry Norman Dobson Jr., declare under penalty of perjury that the foregoing is true and correct.

/s/ Larry Norman Dobson Jr.

Executed on this 17th day of October 2025

977 Highpoint Drive

Annapolis, MD 21409

(410) 994-6913   ltredobson@yahoo.com

Pro Se Plaintiff

**EXHIBIT LIST**

Exhibit A – Background Chronology

Exhibit B – Dismissal of Criminal Charges (Aug. 19–28 2025 Matter)

Exhibit C – April 17 2025 Disclosure by Alvarado

Exhibit C – April 17 2025 Disclosure by Alvarado

Exhibit D – Privacy / HR Disclosure (Hopkins)

Exhibit E – Circulation of Private Data (Mackall / Hayes)

Exhibit F – AFSCME Repayment Materials (Composite)

Exhibit F-1 – April 25, 2023 Non-Negotiable Note (Repayment Agreement, $6,045.94)

Exhibit F-2 – Communication from John Spriggs Directing Plaintiff to Cease Payments

Exhibit F-3 – Proof of Plaintiff's Tendered Payments and Union Refusal to Accept

Exhibit F-4 – Witness Statement Corroborating Spriggs's Directive to Cease Payments

Exhibit G – Charging Documents / Commissioner File / Summons

Exhibit H – Prior Civil Case Docket (Spriggs as Defendant; Brokenborough as Counsel)

Exhibit I – Damages Proof (Employment, Reputational, Financial)

Exhibit J – Charging Record Showing Absence of Police Report or Affidavit

Exhibit K – White v. City of Annapolis, No. 1:23-cv-02295-BAH (D. Md. 2023)

Exhibit L – Bailey v. City of Annapolis, No. SAG-21-00705 (D. Md. 2021)

Exhibit M – Rowe v. City of Annapolis, 999 F. Supp. 2d 450 (D. Md. 2014)

Exhibit N – Annapolis Police Correspondence and Capital Gazette Publications (Aug. 19–22 2025)

Exhibit O – Expungement of charges

Exhibit P – threatening letter from Brokenborough Law firm