**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **LARRY NORMAN DOBSON, JR.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Case No.: SAG-25-3439** |
| **v.** | * | |
| | * | |
| **CITY OF ANNAPOLIS, *et al.*** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Larry Norman Dobson, Jr. ("Plaintiff") brings this action against the City of Annapolis ("the City"), Marlon Alvarado, Patricia Hopkins, Jamieca Mackall, Monica Brokenborough, Morial Hayes, John Spriggs, and Scott Parks (collectively, "Defendants") based on the disclosure of confidential information and filing of criminal charges against him. ECF 1. Various groupings of Defendants have moved to dismiss the complaint, ECF 13, 15, 25. This Court has reviewed the motions and responsive briefing, ECF 17, 18, 20, 24, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the motions to dismiss will be granted.[1]

---

[1] Two other motions are also pending. One is Plaintiff's "Motion for Protective Order," ECF 3, which seeks to seal certain exhibits filed with the complaint and prevent disclosure of the identities of certain non-parties referenced in those exhibits. Because it appears that the specified exhibits were already filed under seal and Plaintiff's claims are being dismissed, this Court will deny this motion as moot. The other pending motion is Plaintiff's "Motion for Exemption from Pacer Fees," ECF 9, which will also be denied as moot because Plaintiff's claims are being dismissed.

## I.    BACKGROUND

The following facts are derived from Plaintiff's complaint, ECF 1, and are assumed to be true for purposes of these motions.

In August, 2025, Brokenborough, an attorney affiliated with AFSCME Local 3406 who had previously represented Spriggs in litigation against Plaintiff, filed an application for a statement of charges against Plaintiff that allegedly lacked probable cause. *Id.* ¶¶ 9, 16. Parks, a District Court Commissioner, approved the charges against Plaintiff. *Id.* ¶ 22. The Annapolis Police Department then mailed Plaintiff a letter instructing him to pick up a criminal summons. *Id.* ¶ 17. Shortly thereafter, Plaintiff appeared for a hearing at which the criminal charges were nolle prossed. *Id.* ¶ 21.

Two days after Brokenborough had filed the charges against Plaintiff, a newspaper reporter contacted Plaintiff asking for comment regarding the pending charges, which Plaintiff alleges constituted information obtainable only through improper disclosure. *Id.* ¶ 18. The newspaper story was released the following day, causing "reputational harm." *Id.* ¶ 19.

At an unidentified time, Alvarado, a supervisor for the City, improperly disclosed Plaintiff's "confidential employment and disciplinary information" to Spriggs, another City employee. *Id.* ¶¶ 6, 11, 18-A. In response to this "violation of privacy," Plaintiff complained to Hopkins, a human resources director, but the City failed to investigate or take corrective action. *Id.* ¶ 18-B. The complaint further alleges that, back in November, 2024, Mackall, an Annapolis Police Department employee, had shared "private personnel information" with Hayes, an AFSCME representative, and the information was later shared with unidentified City employees. *Id.* ¶¶ 8, 18-C.

2

Plaintiff also attaches several exhibits to his complaint. One is the application for a statement of charges filed by Brokenborough. ECF 1-6, 1-9. It alleges that Plaintiff had embezzled money from Local 3406 while he had served as its president. ECF 1-6. Specifically, it alleges that Plaintiff had made several unauthorized transactions using the Local's debit cards. ECF 1-9 at 1. During an emergency board meeting, Plaintiff admitted that he had made the unauthorized transactions and agreed to repay the money pursuant to an installment agreement signed by Plaintiff and the other members of the board. *Id.* at 1–2. When Plaintiff failed to make payments pursuant to the agreement, the board decided to bring criminal charges against him. *Id.* at 2–3. The Local's law firm then advised Plaintiff that he had breached the agreement and that if he did not remit payment in full by a specified date, the Local may pursue criminal charges. *Id.* at 3; ECF 1-12. Plaintiff also attaches the agreement outlining the payment plan. ECF 1-15 at 3.

Additionally, Plaintiff attaches a motion to dismiss filed by Spriggs in May, 2025 in the case involving him and Plaintiff, showing that Plaintiff had brought claims alleging "violations of trust property and damages." ECF 1-7. Plaintiff has also attached an unsigned affidavit stating that the affiant, a City employee identified only by initials, "personally observed or had direct knowledge that Defendant John Spriggs ordered the stoppage of all Plaintiffs checks in or directed union collaboration and circulation of false or defamatory accusations." ECF 1-15 at 4. There is also an unsigned affidavit stating that the affiant, another (or possibly the same) City employee identified only by initials, "personally observed or had direct knowledge that Defendant Marlon Alvarado engaged in or directed false report and initiation of unsupported criminal allegations" in May, 2025. ECF 1-13.

Plaintiff now brings several claims. Count I alleges retaliation against Brokenborough and Spriggs. ECF 1 ¶¶ 26–28. Count II alleges "due process and unlawful seizure" against Parks,

3

Alvarado, Hopkins, and the City. *Id.* ¶¶ 29–32. Count III alleges *Monell* liability and negligent supervision against the City. *Id.* ¶¶ 33–35. Count IV alleges civil conspiracy against all individual Defendants. *Id.* ¶¶ 36–37. Count V alleges "malicious prosecution and defamation" against Brokenborough, Parks, Alvarado, Hopkins, Mackall, and Hayes. *Id.* ¶¶ 38–39. And Count VI alleges intentional infliction of emotional distress against all Defendants. *Id.* ¶¶ 40–41.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); see also *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in

4

order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.  DISCUSSION

### A.  Claims Against Parks

The complaint alleges that Parks "is a Maryland District Court Commissioner who signed baseless charging documents without probable cause." ECF 1 ¶ 12. Maryland law empowers a District Court Commissioner to review an application for a statement of charges and issue a summons or arrest warrant. Md. Code Ann., Cts. & Jud. Proc. § 2-607(c)(1)-(2). District Court

Commissioners are supervised by a judge and perform judicial functions. *State v. Smith*, 305 Md. 489, 517 (1986).

Judges enjoy absolute judicial immunity from civil suits based on their judicial acts, "however erroneous the act may have been." *Bradley v. Fisher*, 13 Wall. 335, 347 (1871). Furthermore, state Court Commissioners are entitled to "quasi-judicial immunity" for acts "so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune," including the approval of warrants. *Grant v. Maryland*, Civ. No. PWG-17-2816, 2018 WL 1069363, at \*2 (D. Md. Feb. 26, 2018) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)) (dismissing on immunity grounds claims against Maryland state Court Commissioners based on approval of warrants). Because Parks was similarly performing a judicial function in reviewing Brokenborough's application for a statement of charges, he is entitled to quasi-judicial immunity for his approval of the charging documents. Thus, all of the claims against him must be dismissed with prejudice.

### B. Claims Against Remaining Individual Defendants

### 1. Retaliation

Plaintiff alleges § 1983 retaliation "for engaging in protected speech and petitioning activity" against Brokenborough and Spriggs. ECF 1 ¶ 26. A § 1983 retaliation claim requires the plaintiff to show (1) protected activity by the plaintiff, (2) adverse action taken against the plaintiff, and (3) a causal link between the protected activity and adverse action. *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685–86 (4th Cir. 2000). The complaint does not make clear what conduct constituted Plaintiff's protected activity or the adverse action that Brokenborough and Spriggs took against him. It appears most likely that this claim is premised on Plaintiff's filing of a civil action for "violations of trust property and damages" against Spriggs, during which Brokenborough

represented Spriggs, and Brokenborough's filing of the application for criminal charges against Plaintiff several months later.

Plaintiff has failed to plead this claim against Spriggs because the complaint alleges no involvement by Spriggs in the filing of the application for a statement of charges. He has also failed to state this claim against Brokenborough because he has failed to show that her conduct constituted state action. Section 1983 ordinarily imposes liability on only state actors. *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020) It may reach private individuals, however, who "willfully participate in joint action with a state official." *Id.*

Plaintiff has failed to allege sufficient facts from which this Court may infer that Brokenborough participated in joint action with any state official. The complaint itself does not allege that any other Defendant was involved in the filing of the application for a statement of charges. Although one of the attached affidavits alleges that Alvarado "engaged in or directed false report and initiation of unsupported criminal allegations" in May, 2025, neither the complaint nor any of the attached exhibits provides any more information about this allegation, including any information that might indicate that it was connected to Brokenborough's filing of the application for a statement of charges several months later in August, 2025.

Furthermore, to the extent that Plaintiff is alleging that Brokenborough engaged in joint action with Parks, the District Court Commissioner who approved the charges, such a claim fails as a matter of law. A private person's filing of a sworn complaint for an arrest warrant does not constitute state action, and a magistrate's subsequent issuance of an arrest warrant in response to that complaint does not convert the private person's conduct into state action. *See Lee v. Patel*, 564 F. Supp. 755, 760 (E.D. Va. 1983).

Accordingly, Count I will be dismissed.

8

### 2. Due Process and Unlawful Seizure

Count II alleges "due process and unlawful seizure" pursuant to § 1983 against Parks, Alvarado, Hopkins, and the City.[2] The premise of this claim is similarly difficult to discern. It appears to rest on the allegation that Plaintiff faced criminal charges unsupported by probable cause, but the complaint also alleges that "Defendants Alvarado and Hopkins, through their privacy violations and inaction, directly contributed to the unlawful deprivation of due process rights." ECF 1 ¶ 31.

To the extent that the claim is based on the filing of criminal charges, the complaint alleges no involvement in that process by Hopkins. Furthermore, as noted above, the exhibit alleging that Alvarado "engaged in or directed false report and initiation of unsupported criminal allegations" several months before Brokenborough filed the application for a statement of charges fails to allege sufficient factual information for this Court to evaluate any possible involvement by Alvarado.

The complaint also fails to state a due process or unlawful seizure claim to the extent that it is based on the effect of the disclosure of confidential information on the filing of criminal charges. The complaint alleges that Alvarado disclosed confidential information to Spriggs and that Hopkins failed to investigate or take corrective action in response to Plaintiff's complaint about this disclosure, but the complaint does not allege any connection between Alvarado's disclosure or Hopkins's lack of response to it and the filing of criminal charges against Plaintiff. To the extent that Plaintiff believes that the disclosure of information itself violated his due process rights or resulted in his unlawful seizure, he has failed to allege how, particularly in light of the

---

[2] This Court has already dismissed all of the claims against Parks, and, because municipalities may be subject to § 1983 liability only pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), this Court will address the *Monell* claim against the City separately below.

fact that the complaint does not even specify what information was disclosed. Count II will therefore also be dismissed.

### 3. Conspiracy

Count IV alleges a conspiracy to deprive Plaintiff of his civil rights pursuant to 42 U.S.C. § 1985(3) against all of the individual Defendants. To allege a § 1985(3) conspiracy, a plaintiff must satisfy a "relatively stringent standard." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Specifically, a plaintiff must prove five elements:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Id.* at 1376. To survive a motion to dismiss a § 1985(3) conspiracy claim, a plaintiff must allege unlawful intent with "specific facts in a nonconclusory fashion." *Id.* at 1377 (quoting *Gooden v. Howard County*, 954 F.2d 960, 969–70 (4th Cir. 1992)).

Plaintiff has failed to plead this claim. Specifically, he has pled no facts from which this Court can infer that any of the individual Defendants were "motivated by a specific class-based, invidiously discriminatory animus." Indeed, Plaintiff alleges no "class" of which he is a part. Count IV will therefore also be dismissed.

### 4. Malicious Prosecution

Count V alleges, in part, malicious prosecution against Brokenborough, Parks, Alvarado, Hopkins, Mackall, and Hayes. As noted above, Plaintiff has failed to allege that any Defendant other than Brokenborough was involved in the filing of criminal charges, the basis for this claim. The claim therefore fails for that reason against all Defendants other than Brokenborough.

10

A malicious prosecution claim requires that the defendant acted with malice in instituting a criminal proceeding. *Krashes v. White*, 275 Md. 549, 554 (1975). The Court of Appeals of Maryland has defined malice in this context as "a primary purpose in instituting the proceeding other than that of bringing an offender to justice." *Id.* Although Plaintiff has alleged in a conclusory fashion that Defendants initiated the criminal charges with malice, the complaint contains no factual allegations from which this Court may infer that Brokenborough acted with malice. Rather, the exhibits attached to the complaint suggest that Plaintiff and Local 3406 entered into a contract requiring Plaintiff to repay amounts improperly taken from the Local, Plaintiff failed to make payments pursuant to the agreement, the Local's law firm informed Plaintiff that the Local might pursue criminal charges if Plaintiff did not complete payment by a later specified deadline, and she filed the application when Plaintiff failed to do so. Nothing about these circumstances suggests that Brokenborough filed the charges for any purpose other than "bringing an offender to justice." Plaintiff may believe that these exhibits do not reflect the truth, but he has failed to supply any factual allegations suggesting that they do not.

The only additional fact potentially relevant to this claim that is referenced in the exhibits attached to the complaint is the allegation, in one of the affidavits, that Spriggs "ordered the stoppage of all Plaintiffs checks in or directed union collaboration and circulation of false or defamatory accusations." ECF 1-15 at 4. Setting aside the fact that this allegation is phrased disjunctively such that it does not definitively allege that Spriggs ordered that Plaintiff cease making payments, neither it nor the complaint or any other exhibit attached to the complaint alleges that Brokenborough *knew* that Spriggs had ordered Plaintiff to cease making payments. Thus, to the extent that Plaintiff is even alleging that Spriggs ordered Plaintiff to cease making payments, he has failed to allege that that fact had any effect on Brokenborough's mental state when she filed

11

the application for a statement of charges. Accordingly, this Court must dismiss the malicious prosecution claim.

### 5. Defamation

Count V also alleges defamation against Brokenborough, Parks, Alvarado, Hopkins, Mackall, and Hayes. A Maryland defamation claim requires the plaintiff to establish "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Offen v. Brenner*, 402 Md. 191, 198 (2007). The complaint alleges that "Defendants also knowingly published or permitted publication of false statements concerning Plaintiff's criminal or employment status." ECF 1 ¶ 39. As noted above, however, the complaint contains little information about the disclosure and does not even specify what information was disclosed. Without additional factual allegations, this Court cannot adequately evaluate Plaintiff's defamation claim and must dismiss it.

### 6. Intentional Infliction of Emotional Distress

Plaintiff alleges that all Defendants, through the "filing of baseless charges, leaking private information, failing to act on known misconduct, and humiliating Plaintiff," are liable for intentional infliction of emotional distress. ECF 1 ¶ 40. This claim requires a plaintiff to show that (1) the defendant committed extreme and outrageous conduct, (2) the defendant did so intentionally or recklessly, (3) there is a causal link between the conduct and the plaintiff's emotional distress, and (4) the emotional distress was severe. *Harris v. Jones*, 281 Md. 560, 566 (1977).

As discussed above, Plaintiff has failed to allege that Brokenborough acted with malice in filing the application for a statement of charges. Furthermore, Plaintiff may believe that the

exhibits that he attached to his complaint, suggesting that he had made unauthorized transactions and had not returned the money involved according to his agreement with the Local, do not reflect the truth and that the charges are "baseless," but he has failed to provide any factual allegations in support of such a belief. He has not even alleged in conclusory fashion that the exhibits do not reflect the truth. Absent such factual allegations, this Court cannot say that filing an application for a statement of charges based on perceived criminal conduct is "extreme and outrageous." Plaintiff has therefore failed to plead intentional infliction of emotional distress as to the filing of criminal charges.

As for the other allegations, which appear to all relate to the disclosure of confidential information, this Court cannot adequately assess whether Defendants' conduct as alleged states a claim for intentional infliction of emotional distress because Plaintiff has failed to plead such basic information as what information was disclosed.

Accordingly, this claim will also be dismissed.

**C. Claims Against the City**

Finally, Count III alleges two claims against the City, a *Monell* claim and a negligent supervision claim.

Without a predicate constitutional violation by an individual official, a *Monell* claim may not proceed. *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012). Thus, the *Monell* claim must be dismissed because Plaintiff has failed to plead any predicate constitutional violation.

A negligent supervision claim requires that the plaintiff establish (1) an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of that incompetence; (4) injury caused by the employee's act or omission, and (5) the employer's negligence in supervising the employee as the proximate cause of the injury. *Latty v.*

13

*St. Joseph's Soc'y of the Sacred Heart, Inc.*, 198 Md. App. 254, 272 (2011). Plaintiff alleges that "the City negligently supervised and retained employees it knew or should have known engaged in such misconduct, proximately causing Plaintiff's injuries." ECF 1 ¶ 35. This allegation merely parrots the elements of this claim, and the complaint otherwise provides no factual allegations in support of it. In fact, the only other reference to supervision in the complaint is that Alvarado is a "City of Annapolis supervisor," but the complaint does not allege whom Alvarado supervised, let alone that he supervised any of the other Defendants. Plaintiff has therefore failed to plead his negligent supervision claim as well.

## IV.   CONCLUSION

For the reasons stated above, the motions to dismiss, ECF 13, 15, 25, will be granted. Plaintiff's claims will be dismissed, and this case will be closed. Although this is not the first lawsuit that Plaintiff has filed based on these claims, Plaintiff will be afforded one more opportunity to state a plausible claim. The claims will be dismissed without prejudice except for the claims against Parks, which will be dismissed with prejudice as barred by judicial immunity. Should Plaintiff wish to pursue this case against the other Defendants, he must seek leave to amend his claims within thirty days of this Memorandum Opinion, attaching a proposed amended complaint. If Plaintiff remains unable to sufficiently state his claims at that point, this Court will dismiss them with prejudice. Because this Memorandum Opinion references documents filed under seal, the Opinion will also be filed under seal. The parties are directed to confer and file a proposed redacted opinion for public filing within one week of the date of this Opinion. If the parties do not do so, this Opinion will be unsealed. A separate Order follows.

Dated: April 9, 2026                                      /s/
                                         Stephanie A. Gallagher
                                         United States District Judge

14