IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY NORMAN DOBSON JR.,       *
                                              *

        **Plaintiff,**          *

**v.**                                  *          **Civil Case No. SAG-25-3439**
                                              *

**CITY OF ANNAPOLIS,** *et al.*,      *

                                              *

        **Defendants.**      *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Larry Norman Dobson Jr. ("Plaintiff") seeks leave to file an Amended Complaint in this lawsuit, following dismissal of his original Complaint by this Court. ECF 32, 36. Two sets of Defendants have opposed the motion, ECF 34 (Defendants City of Annapolis, Marlon Alvarado, Patricia Hopkins, Jamieca Mackall, and John Spriggs), 37 (Defendant Monica Brokenborough), and Plaintiff has filed two replies, ECF 35, 38.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiff's motion for leave to amend, ECF 33, will be denied as futile and the dismissal of his original Complaint will be with prejudice.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed two previous attempts at stating these same claims under other case numbers, which were dismissed *sua sponte* because they did not include sufficient information to state viable claims. *See Dobson v. City of Annapolis*, Civ. No. 25-cv-02965-SAG; *Dobson v. City of Annapolis*,

---

[1] The docket does not reflect that Defendant Morial Hayes has ever been served with either iteration of the complaint in this case. Regardless, the proposed Amended Complaint does not state a viable claim against Hayes, as the only significant factual allegations about him are that he "placed" someone else in union leadership without proper voting procedures and received Plaintiff's confidential identifying information from Defendant Mackall. ECF 33-1. Those allegations are insufficient to plausibly suggest that Hayes is liable under any of the legal theories referenced in the Amended Complaint, and, as noted below, the Amended Complaint does not specify which counts Plaintiff is asserting against Hayes or any other Defendants.

1

Civ. No. 25-03128-JRR. Plaintiff filed the original Complaint in this case on October 17, 2025. ECF 1. On April 9, 2026, this Court granted Defendants' motion to dismiss the Complaint for failure to state a claim. ECF 32, 36. Plaintiff now seeks to file a proposed Amended Complaint. ECF 33-1.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendants contend that the proposed amendment would be futile.  ECF 34, 37. This Court agrees. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

First, as to Brokenborough, the Amended Complaint fails to include allegations to cure defects in the original proceeding. The sole allegation against Brokenborough is that she "filed

2

charges on August 19, 2025 and that "No investigation supported the charges." ECF 33-1 at ¶¶ 48, 50. This Court dismissed the original Complaint because Plaintiff had not included any factual allegations plausibly suggesting that Brokenborough acted with malice. This iteration offers nothing to cure that defect.

As to the allegations against the remaining Defendants, the Amended Complaint largely provides less detail, not more. Where the original Complaint properly identified which claims were being asserted against which Defendants, the proposed Amended Complaint does not. Instead, it cursorily uses the term "Defendants" in the vast majority of sentences, which constitutes improper group pleading. While group pleading can be permissible in certain circumstances, it must be "plausible that each defendant was involved in all of the facts as alleged." *See Sprint Nextel Corp. v. Simple Cell, Inc.*, Civ. No. CCB-13-617, 2013 WL 3776933, at *2 (D. Md. July 17, 2013). Here, it is not, as the six individual Defendants were employed in different offices and played different roles. In recognition of that fact, in the original iteration of his Complaint, Plaintiff did not assert all of the claims against all of the Defendants, further confirming that the group pleading here is implausible.

Even liberally construing the proposed Amended Complaint because Plaintiff is self-represented, this Court is unable to decipher the factual basis under which any of these claims would lie against any particular defendant. The original Complaint was dismissed, in large measure, for failure to include significant factual information to plausibly state a claim, in addition to the failure to explain the nature of the claims asserted and the facts on which they rely. *See* ECF 36. This new proposed Amended Complaint does not rectify those problems. It is therefore "clearly insufficient or frivolous on its face" and the motion for leave to amend will be denied.

At this point, Plaintiff has had four opportunities to state a viable claim and has not done so. Accordingly, the dismissal of the original Complaint will convert to dismissal with prejudice, as cautioned in this Court's April 9, 2026 opinion. ECF 36.

A separate Order follows, which will close this case.

Dated: June 8, 2026                        /s/_____
                                           Stephanie A. Gallagher
                                           United States District Judge