**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LARRY NORMAN DOBSON JR.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Case No. SAG-25-3439** |
| | * | |
| **CITY OF ANNAPOLIS, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Larry Norman Dobson Jr. ("Plaintiff") has filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), in which he asserts that this Court "overlooked or misapprehended material factual allegations" in his proposed Amended Complaint and that manifest injustice resulted from this Court's dismissal with prejudice. ECF 41 at 1. Defendants opposed the motion, ECF 42, and no reply has been filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiff's motion for reconsideration will be denied.

As this Court noted in its opinion denying Plaintiff's motion for leave to file an Amended Complaint, ECF 39, before filing the instant action Plaintiff had already twice attempted to state these same claims under other case numbers. In the first case, *Dobson v. City of Annapolis*, Civ. No. 25-cv-02965-SAG, ECF 7, this Court issued a substantive opinion denying Plaintiff's request for a Temporary Restraining Order, dismissing the complaint *sua sponte*, and providing guidance as to its deficiencies. *Dobson v. City of Annapolis*, No. CV 25-2965, 2025 WL 2687350 (D. Md. Sept. 19, 2025). In the second case, *Dobson v. City of Annapolis*, Civ. No. 25-03128-JRR, ECF 7, Judge Rubin of this Court issued a substantive opinion dismissing the complaint *sua sponte* and explaining that it engaged in impermissible group pleading and failed to state a claim as to each

count. *Dobson v. City of Annapolis*, No. CV 25-03128, 2025 WL 2855746 (D. Md. Oct. 8, 2025). Plaintiff's original Complaint under this case number, then, was his third attempt to amend his complaint to state a viable claim. ECF 1. On April 9, 2026, this Court granted Defendants' motion to dismiss the Complaint for failure to state a claim, again explaining in detail the deficiencies and offering Plaintiff one final opportunity to seek leave to amend. ECF 32, 36.

As this Court noted in its opinion denying leave to amend, Plaintiff's proposed amended complaint, which was his fourth attempt to state a viable claim, provided less detail than the original complaint, not more. *See* ECF 33-2. It did not specifically delineate which counts were asserted against which Defendants, instead resorting to improper group pleading. Plaintiff's Motion to Alter or Amend Judgment conclusorily asserts that it "contained numerous additional factual allegations not contained in the original Complaint," ECF 41 at 3, without specifying what those are or explaining how they rectify the problems this Court identified. This Court's conclusion that Plaintiff has not alleged facts supporting a viable legal claim against any of the Defendants remains unchanged.

This Court also declines to find that its decision to dismiss Plaintiff's claims with prejudice constitutes manifest injustice. Plaintiff has now had four opportunities to state viable claims, with three occasions in which he received substantive Court guidance to inform his amended pleadings. He still has not stated a viable claim, even with his filings liberally construed as a self-represented litigant. At this point, further attempts at amendment would be futile and dismissal with prejudice is appropriate. *See Chenevert v. Kanode*, No. 21-CV-00562, 2023 WL 6279906, at *10 (W.D. Va. Sept. 26, 2023), *aff'd*, No. 23-7056, 2024 WL 2815172 (4th Cir. June 3, 2024) (dismissing claims with prejudice after three failed attempts by plaintiff to state a valid claim). Accordingly, Plaintiff's Motion to Alter or Amend Judgment, ECF 41, will be denied.

A separate Order follows, which will close this case.

Dated: August 27, 2026

/s/
Stephanie A. Gallagher
United States District Judge